UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-61635-GAYLES

**MARTHA ECHEVERRY,**
    **Plaintiff,**

  v.

**WELLS FARGO BANK, N.A.,**
    **Defendant.**
_____/

## **ORDER**

  **THIS CAUSE** comes before the Court on the Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss [ECF No. 10]. The Court has carefully considered the Complaint, the parties' briefs, the record, and the applicable law, and is otherwise fully advised in the premises.

  Plaintiff Martha Echeverry commenced this action on July 11, 2016. In her Complaint, she brings claims against Wells Fargo alleging breach of contract; a violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605; and a violation of Article 5-102 of the Uniform Commercial Code, all arising (the Court presumes) from Wells Fargo's alleged failure to modify a loan. She also seeks specific performance and judicial review of her applied-for loan modification.

  To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . .

are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, "such liberal construction does not extend to a *pro se* litigant's failure to comply with either federal procedural rules or local court rules." *Jarzynka v. St. Thomas Univ. of Law*, 310 F. Supp. 2d 1256, 1264 (S.D. Fla. 2004) (citing *Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999)). Furthermore, "this leniency does not give a court license to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations and internal quotation marks omitted).

At the outset, Echeverry's Complaint should be dismissed for failure to comply with Federal Rule of Civil Procedure 10(b), which provides that a party "must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b), as none of the paragraphs of her Complaint are numbered. Beyond that, the Court has reviewed the Complaint and finds that it is utterly devoid of factual allegations that would plausibly support any claim upon which relief can be granted. Additionally, the Court agrees with the arguments presented in Wells Fargo's brief, *see* Def.'s Mot. at 12-18, and for these reasons, it is

**ORDERED AND ADJUDGED** that the Defendant's Motion to Dismiss [ECF No. 10] is **GRANTED**. The Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**.

Should the Plaintiff wish to amend her Complaint, she must do so by **December 30, 2016**. If she fails to file an amended complaint by that date, the Court shall dismiss her Complaint *with* prejudice. Furthermore, that amended complaint must state under what authority this Court can require Wells Fargo to modify a loan after a foreclosure judgment has been entered by the state court.

This action is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of November, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE