UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-61635-GAYLES

**MARTHA ECHEVERRY,**
        **Plaintiff,**

    v.

**WELLS FARGO BANK, N.A.,**
        **Defendant.**
_____/

## ORDER

**THIS CAUSE** comes before the Court on the Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss [ECF No. 21]. To date, the Plaintiff has not responded to Wells Fargo's motion. The Court has carefully considered the Amended Complaint, Wells Fargo's brief, the record in this case, and the applicable law, and is otherwise fully advised in the premises. Because the Court agrees with Wells Fargo that the Court lacks subject matter jurisdiction over the Plaintiff's claims under the *Rooker–Feldman* doctrine, the motion to dismiss shall be granted.

**I.    BACKGROUND**

    **A.**    *Factual History*

On August 9, 2006, Plaintiff Martha Echeverry, *pro se*, executed and delivered a mortgage and note on behalf of Fremont Investment and Loan for the amount of $160,000. Am. Compl. ¶ 8. The document was recorded on page 1790 of Book 42,671 of the Broward County Public Records. *Id.* On January 15, 2008, after Echeverry had failed to make payments on her mortgage, Wells Fargo, as loan servicer, on behalf of and in the name of the lender, Deutsche Bank National Trust Company, as Trustee for Asset-Backed Certificates, Series 2006-3 ("Deutsche Bank") commenced a foreclosure action in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward

County, Florida, *Deutsche Bank National Trust Co., as Trustee for Asset-Backed Certificates, Series 2006-3 v. Martha E. Echeverry*, No. CACE08001920 (the "Foreclosure Action"). *Id.* ¶¶ 9-10; Def.'s Mot. Ex. A. On January 10, 2010, Deutsche Bank filed a motion for summary judgment of foreclosure in the Foreclosure Action. Am. Compl. ¶ 11. On March 11, 2010, a Final Judgment was entered in favor of Deutsche Bank, which judgment was subsequently amended (the "Foreclosure Judgment"). Def.'s Mot. Ex. A. Echeverry did not appeal the Foreclosure Judgment, but filed for bankruptcy protection each time the date of the public sale of the property approached. *Id.* The property was sold on April 8, 2014, at a public auction and a Certificate of Sale was issued in favor of Deutsche Bank. *Id.* The court denied Echeverry's objection to the sale, whereupon Echeverry appealed the order and again filed for bankruptcy protection. *Id.* She also appealed an order directing the issuance of a certificate of title. *Id.*

B. *Procedural History*

Echeverry initially filed an action—along with seven other borrowers—in the case styled *Guzman v. Wells Fargo Bank, N.A.*, No. 16-21423 (S.D. Fla. *filed* Feb. 18, 2016). On June 22, 2016, Judge Altonaga granted Wells Fargo's motion to sever, agreeing with Wells Fargo that the plaintiffs' claims did not arise out of a single transaction or series of transactions and did not present the same questions of law or facts, in violation of Federal Rule of Civil Procedure 20(a). *See* Order, *Guzman*, No. 16-21423 (S.D. Fla. June 22, 2016), ECF No. 26. She dismissed the plaintiffs' complaint and instructed them to file claims in separate actions *nunc pro tunc* to the filing date of that action.

Echeverry commenced this individual action on July 11, 2016, bringing claims against Wells Fargo alleging breach of contract; a violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605; and a violation of Article 5-102 of the Uniform Commercial Code, all arising (the Court presumes) from Wells Fargo's alleged failure to modify her loan. She also

sought specific performance and judicial review of her applied-for loan modification. On November 29, 2016, the Court dismissed Echeverry's Complaint for failure to comply with Federal Rule of Civil Procedure 10(b) and because the Complaint was "utterly devoid of factual allegations that would plausibly support any claim upon which relief can be granted." [ECF No. 16].

Echeverry filed her Amended Complaint on December 30, 2017 [ECF No. 17]. She has corrected the Rule 10(b) numbering issue and now brings claims for violations of RESPA and unfair or deceptive acts or practices; she also still seeks judicial review of her loan modification.

Wells Fargo filed the instant motion to dismiss on January 31, 2017. In the motion, it argues the following: (1) the Court lacks subject matter jurisdiction pursuant to the *Rooker–Feldman* doctrine; (2) Echeverry's claims are barred by Florida's compulsory counterclaim rule; (3) Echeverry's claims are barred by judicial estoppel; and (4) Echeverry's claims fail to state causes of action. Echeverry's response in opposition was due to be filed by February 14, 2017. To date, no response has been filed and no extension of time has been sought. Under Southern District of Florida Local Rule 7.1(c), this could be sufficient cause to grant the motion by default. *See Young Apts., Inc. v. Town of Jupiter*, 503 F. App'x 711, 726 (11th Cir. 2013) (per curiam); *Arrington v. Hausman*, No. 15-62326, 2016 WL 782416, at *1-2 (S.D. Fla. Feb. 17, 2016). Nevertheless, the Court considers the merits of Wells Fargo's motion.

## II.   LEGAL STANDARD

A motion to dismiss for lack of subject matter jurisdiction brought pursuant to Federal Rule of Civil Procedure 12(b)(1)[1] may present either a facial or a factual challenge to the complaint. *See McElmurray v. Consol. Gov't*, 501 F.3d 1244, 1251 (11th Cir. 2007). In a facial challenge, a court is required only to determine if the plaintiff has "sufficiently alleged a basis for subject matter

---

[1]   Wells Fargo's motion is also brought, in part, pursuant to Federal Rule of Civil Procedure 12(b)(6). Because the Court finds that the *Rooker–Feldman* subject matter jurisdiction issue is dispositive, there is no need to recite the legal standard governing that motion here.

3

jurisdiction." *Id.* at 1251. Furthermore, "the court must consider the allegations in the plaintiff's complaint as true." *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981).[2] By contrast, a factual attack "challenge[s] 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings . . . are considered.'" *McElmurray*, 501 F.3d at 1251 (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). The plaintiff bears the burden to prove the facts sufficient to establish subject matter jurisdiction.

Here, Wells Fargo has advanced a factual attack on the Amended Complaint because it contends that this Court lacks subject matter jurisdiction under the *Rooker–Feldman* doctrine. *See, e.g.*, *Christophe v. Morris*, 198 F. App'x 818 (11th Cir. 2006) (per curiam) (affirming a district court's decision to dismiss the plaintiff's complaint where the district court had considered *Rooker–Feldman* as a factual attack on its subject matter jurisdiction). Accordingly, this Court may properly consider evidence outside the pleadings in determining whether the Complaint should be dismissed.

## III. DISCUSSION

"The *Rooker–Feldman* doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (per curiam). The doctrine, named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "*Rooker* and *Feldman* exhibit the limited circumstances

---

[2] The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit rendered before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

4

in which [the Supreme Court's] appellate jurisdiction over state-court judgments precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority." *Id.* at 291. The doctrine bars federal claims raised in the state court and claims "inextricably intertwined" with the state court's judgment. *See Feldman*, 460 U.S. at 482 n.16. A claim is "inextricably intertwined" if it would "effectively nullify" the state court judgment or if it "succeeds only to the extent that the state court wrongly decided the issues." *Casale*, 558 F.3d at 1260 (quoting *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001)) (internal quotation marks omitted); *see also Springer v. Perryman*, 401 F. App'x 457, 458 (11th Cir. 2010) (per curiam).

At the outset, the Court finds that there is no procedural bar to the application of *Rooker–Feldman* here. *See Saudi Basic Indus. Corp.*, 544 U.S. at 284; *Nicholson v. Shafe*, 558 F.3d 1266, 1276 (11th Cir. 2009). The state Foreclosure Judgment was entered on March 11, 2010; Echeverry did not appeal; and the present federal action was not filed until February 18, 2016. Furthermore, the state court proceedings have finally resolved all federal questions in the litigation, and only state law or purely factual questions remain to be litigated—such as Echeverry's appeal of the state court order directing issuance of a certificate of title. *See Nicholson*, 558 F.3d at 1275.

The Court also finds that Echeverry's federal claims are inextricably intertwined with the state Foreclosure Judgment. Although Echeverry brings multiple claims here, "the Court determines that the Plaintiff's sole contention in actuality is that the state court improperly granted the foreclosure, which brings her claims squarely within the ambit of the *Rooker–Feldman* doctrine." *Flournoy v. Gov't Nat'l Mortg. Ass'n*, 156 F. Supp. 3d 1375, 1380 (S.D. Fla. 2016). Echeverry lost the Foreclosure Action in state court, and she now brings this action, which, in essence, contests the validity of the Foreclosure Judgment. Her RESPA claim succeeds only if the Court determines the foreclosure was wrongful. *See Zaychick v. Bank of Am., N.A.*, 146 F. Supp. 3d 1273, 1278 (S.D.

5

Fla. 2015) (dismissing claim for violation of section 1024.41 of RESPA as barred under *Rooker–Feldman* because "damages would only be available where there was a wrongful foreclosure"). The same reasoning applies to her claims for unfair or deceptive acts or practices and judicial review of the loan modification process—each claim could succeed "only to the extent that the state court wrongfully decided the issues," which *Rooker–Feldman* specifically prohibits. *Casale*, 558 F.3d at 1260. "It is clear that, '[r]egardless of the legal theories [the Plaintiff's] individual claims are premised upon, each claim has a connection with [her] mortgage and subsequent foreclosure." *Flournoy*, 156 F. Supp. 3d at 1380 (quoting *Wint v. BAC Home Loans Servicing, LP*, No. 15-80376, 2015 WL 3772508, at *2 (S.D. Fla. June 17, 2015)).

Finally, the Court determines that Echeverry did have a reasonable opportunity to raise her claims in the state court proceeding. *See Casale*, 558 F.3d at 1260; *Figueroa v. Merscorp, Inc.*, 766 F. Supp. 2d 1305, 1325-26 (S.D. Fla. 2011), *aff'd*, 477 F. App'x 558 (11th Cir. 2012). The Foreclosure Action was filed in Florida circuit court, a court of general jurisdiction. *See* Def.'s Mot. Ex. A; Fla. Const. art. V, § 5; Fla. Stat. § 26.012. Echeverry appeared in the Foreclosure Action, represented by counsel and *pro se*. RESPA claims and claims alleging unfair or deceptive acts or practices may be raised in Florida circuit courts.[3] *See, e.g.*, *Green v. JPMorgan Chase Bank, N.A.*, 109 So. 3d 1285 (Fla. 5th DCA 2013) (RESPA); *Milnar v. United Parcel Serv., Inc.*, 186 So. 3d 997 (Fla. 2016) (unfair or deceptive acts or practices, brought via the Florida Deceptive and Unfair Trade Practices Act).[4] In sum, "there [is] nothing in the record to suggest that the [Plaintiff] [was] deprived of the opportunity to present the instant claims before the state

---

[3] Echeverry alleges that her claim seeking "judicial review of Plaintiff's loan modification process" is brought pursuant to RESPA and its implementing regulations.

[4] The Court questions whether Echeverry could actually bring a FDUPTA claim against Wells Fargo, as the statute expressly does not apply to "[a]ny person or activity regulated under laws administered by . . . [b]anks and savings and loan associations regulated by the Office of Financial Regulation of the Financial Services Commission, [or] . . . [b]anks or savings and loan associations regulated by federal agencies," such as Wells Fargo. Fla. Stat. § 501.212(4)(b) –(c).

6

Court." *Cavero v. One W. Bank FSB*, 617 F. App'x 928, 930-31 (11th Cir. 2015) (per curiam). As a result, the Court finds that Echeverry had a full and fair opportunity to litigate her claims in state court. *Cf. Figueroa*, 766 F. Supp. 2d at 1325-26.

Accordingly, the Court concludes that Echeverry's claims are inextricably intertwined with her final state court foreclosure judgment and, as a result, are barred by the *Rooker–Feldman* doctrine. *See Nivia v. Nationstar Mortg., LLC*, No. 13-24080, 2014 WL 4146889, at *3 (S.D. Fla. Aug. 21, 2014), *aff'd*, 620 F. App'x 822 (11th Cir. 2015) (per curiam), *cert. denied sub nom. Nivia v. Aurora Loan Servs., LLC*, 136 S. Ct. 909 (2016). This Court, therefore, does not have subject matter jurisdiction over this action.

## IV.   CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that the Defendant's motion to dismiss [ECF No. 21] is **GRANTED**. The Plaintiff's Amended Complaint [ECF No. 17] is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

This action is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of February, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE