UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-61635-GAYLES

**MARTHA ECHEVERRY,**
          **Plaintiff,**

    v.

**WELLS FARGO BANK, N.A.,**
          **Defendant.**
_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiff Martha Echeverry's, *pro se*, Motion for Reconsideration [ECF No. 23]. The Court dismissed this action on February 24, 2017, after Echeverry failed to respond to Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss, filed on January 31, 2017 [ECF No. 21], finding that it lacked subject matter jurisdiction over Echeverry's claims under the *Rooker–Feldman* doctrine. *Echeverry v. Wells Fargo Bank, N.A.*, No. 16-61635, 2017 WL 733374 (S.D. Fla. Feb. 24, 2017); [ECF No. 22]. Echeverry filed the instant motion for reconsideration on March 3, 2017, complaining that "for reasons unknown" to her, she did not receive a copy of Wells Fargo's motion to dismiss. [ECF No. 23] at 1. She seeks reinstatement of the case and an opportunity to respond to the motion to dismiss.

"[R]econsideration of a previous order is an extraordinary remedy, to be employed sparingly." *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1358 (S.D. Fla. 2004). The only grounds for granting a motion for reconsideration, pursuant to Federal Rule of Civil Procedure 59(e), are (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct manifest errors of law or fact. *See Douglas Asphalt Co. v. QORE, Inc.*, 657 F.3d 1146, 1151-52 (11th Cir. 2011); *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

Echeverry's motion is based on none of these grounds—only on the claim that she did not

receive a copy of Wells Fargo's motion to dismiss. Echeverry has maintained the same record address throughout this litigation; the address appearing in her initial Complaint is identical to the address appearing in her Motion for Reconsideration. The Court has checked the service documentation for all the Orders it has issued, as well as the Certificate of Service attached to Wells Fargo's motion to dismiss. Every Order and the motion to dismiss were sent to Echeverry's record address, but she contends that she did not receive the motion to dismiss. "Regardless of whether her attestations are true or not regarding her receipt of [this] document[], notice has been properly provided to her by both the Court and the Defendant[]. There is nothing more either can do beyond mailing documents to the address she provided, which has been done in every instance." *Fuchs v. Univ. of Ariz.*, No. 10-0606, 2011 WL 253426, at *1 (D. Ariz. Jan. 26, 2011). As such, the Court will not reconsider dismissal.

More importantly, the Court will not reconsider dismissal of the case because it granted dismissal on the merits, not on Echeverry's failure to respond to the motion to dismiss. The Court concluded that Echeverry's federal claims were barred under the *Rooker–Feldman* doctrine because her claims in this action were "inextricably intertwined" with the state court's foreclosure judgment and, in essence, sought to overturn the state court's judgment. *See Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (per curiam). No argument from Echeverry would disturb this conclusion. No amendment to the Complaint would cure the defects. The Court, therefore, will not reconsider its motion and reopen this case. Accordingly, it is

**ORDERED AND ADJUDGED** that the Plaintiff's motion for reconsideration [ECF No. 23] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 6th day of March, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE